E-FILED
12/5/2022 10:36 AM
Melissa Quick
Clerk of the Circuit Court
Vermilion County, Illinois
SH, Deputy Clerk

### IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
### VERMILION COUNTY, ILLINOIS

| | |
|---|---|
| MARY RODGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: **2022LA000065** |
| ) | |
| VERMILION COUNTY, ILLINOIS, ) | |
| KATHLEEN ORCUTT, and ) | |
| CITY OF DANVILLE, ILLINOIS, ) | |
| Defendants. ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, MARY RODGERS, by and through her attorneys, Sorling Northrup, Stephen F. Hedinger and Andrew T. Jarmer, of counsel, and for her Complaint against Defendants, VERMILION COUNTY, ILLINOIS (hereinafter "Vermilion County"), KATHLEEN ORCUTT (hereinafter "Orcutt"), and CITY OF DANVILLE, ILLINOIS (hereinafter "Danville"), states as follows:

### Facts Common to All Counts

1. Plaintiff is a resident of Vermilion County, Illinois, and is the owner of an Australian English Shepherd dog named Caesar.

2. Defendant Vermilion County is a duly created County in Illinois that operates Vermilion County Animal Shelter (hereinafter the "Animal Shelter") in accordance with Illinois statutory authority. Defendant Orcutt at all times relevant to this Complaint was a supervisory Officer of the Animal Shelter and an agent and employee of Vermilion County.

3. Defendant Danville is a duly created municipality located in Vermilion County, Illinois, and has an intergovernmental agreement with Vermilion County whereby Vermilion County provides animal control services on behalf of Danville, including the use of the Animal Shelter and the Vermilion County animal control officers, in enforcing Animal Control Ordinances adopted by Danville. At all times relevant to this Complaint, one of the official duties of Defendant Orcutt, as an agent, officer and employee of Vermilion County, was to enforce the City Code of Danville as it pertains to the regulation of animals within the boundaries of the City of Danville.

4. On or about June 2, 2021, Plaintiff was away from home, and left Caesar in the care of a friend. Sometime during Plaintiff's absence Caesar disappeared, and the friend did not know his whereabouts.

5. Upon returning home, Plaintiff contacted the Animal Shelter to inquire about Caesar's whereabouts.

6. The Animal Shelter informed Plaintiff that Caesar was in its custody and that they were then in possession of him.

7. Shortly thereafter, Plaintiff was served an Ordinance Violation summons from Danville, claiming that Caesar has been picked up running loose, and informing her that an administrative proceeding would be conducted to adjudicate the running at large allegation. The summons informed Plaintiff that she was exposed to an ordinance violation monetary penalty, but said nothing about confiscation or forfeiture of Caesar.

8. Plaintiff requested and later demanded that, pending the Ordinance Violation proceeding, Caesar be returned to her, but the Animal Shelter, both through Orcutt and through

other staff, refused, without providing an explanation or informing Plaintiff of steps she could or should take to recover Caesar.

9. Plaintiff's demands included contacting elected and appointed officials for Vermilion County, contacting the Animal Shelter staff, and even picketing outside the Animal Shelter to publicly announce that Caesar was being detained unlawfully.

10. The only response by the Animal Shelter, Vermilion County, Orcutt, and Danville, was to ridicule Plaintiff and taunt her by claiming that she would never recover Caesar.

11. Hearing was held on the alleged Ordinance Violation in September, 2021. Neither the summons nor the notice of hearing informed Plaintiff, and at no point during the hearing did Orcutt or anyone else from Vermilion County, the Animal Shelter, or Danville inform Plaintiff, that the Ordinance Violation proceeding could or would result in Vermilion County declaring Caesar to be abandoned and forfeited on the basis of a provision of the Danville Animal Control Ordinance being enforced by Vermilion County.

12. At the Ordinance Violation hearing Plaintiff appeared on her own behalf, the hearing was presided over by a hearing officer employed by Danville, the Danville Ordinance Violation was prosecuted by the Danville city attorney's office, and the Danville witnesses were the Animal Control staff, including Orcutt.

13. At the conclusion of the hearing the hearing officer ruled that Caesar had been running at large and imposed a fine upon Plaintiff for the violation. The adjudication was silent as to the disposition of Caesar.

14. At the close of the hearing, Plaintiff demanded again the return of Caesar. The hearing officer and city attorney indicated that they had no knowledge of or control over

Caesar's physical custody, and Orcutt and other Animal Shelter staff informed Plaintiff that she would never see Caesar again, but did not state any authority for that statement.

15. Subsequently Plaintiff retained counsel, who contacted both Vermilion County and Danville and requested the return of Caesar, but neither Vermilion County nor Danville substantively responded to counsel's demands. Accordingly, on behalf of Plaintiff, her counsel filed a replevin action, naming both Vermilion County and Danville as Defendants, requesting an order requiring the return of Caesar to Plaintiff.

16. In response to the replevin suit, both Vermilion County and Danville filed pleadings, supported by Orcutt's sworn testimony, claiming that Plaintiff's ownership of Caesar had been determined by Orcutt to have been forfeited and relinquished as a result of having been found running loose, and that after that decision had been made Orcutt, in her capacity as supervisor within Animal Control, had found a new home for Caesar, so that he was no long under their custody or control.

17. Plaintiff has no independent knowledge of the current whereabouts of Caesar, nor of the basis for or timing of his disposition by Vermilion County, Orcutt and Danville.

**Count I – 42 U.S.C. § 1983; Fourteenth Amendment Violation**

18. As and for paragraph 18, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 above, inclusive, as if fully set forth herein.

19. Vermilion County, Orcutt and Danville failed to relinquish control of Plaintiff's property and to return Caesar back to her, but instead permanently dispossessed Plaintiff of her property, without notice or hearing and therefore deprived her of her property both temporarily and permanently without due process of law.

20. Plaintiff was never given a notice or an opportunity at hearing to prevent deprivation of her property.

21. As a direct and proximate result of the above acts of Vermilion County, Orcutt, and Danville, Plaintiff suffered damages in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE Plaintiff, MARY RODGERS, respectfully requests that this Court enter judgment in her favor and against the Defendants Vermilion County, Kathleen Orcutt, and the City of Danville as to Count I of her Complaint, and award in her favor damages sufficient to compensate for her injuries, and award in her favor her attorney fees and costs of suit and all such other and further relief as this Court may determine to be just and available.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT I**

**Count II – 42 U.S.C. § 1983; First Amendment Violation**

**(Against Vermilion County and Orcutt)**

22. As and for paragraph 22, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 above, inclusive, as if fully set forth herein.

23. The retention and disposition of Plaintiff's dog Caesar by Vermilion County and Orcutt were intended to, and did, punish Plaintiff for her public complaints and demands for the return of Caesar, including her acts of picketing the Animal Shelter.

24. Plaintiff's actions were a lawful exercise of her First Amendment rights.

25. As a direct and proximate result of the above acts of Vermilion County and Orcutt that resulted in the deprivation of Plaintiff's constitutional and statutory rights guaranteed by the

First Amendment to the Constitution of the United States and protected by 42 U.S.C. § 1983, Plaintiff suffered damages.

WHEREFORE Plaintiff, MARY RODGERS, respectfully requests that this Court enter judgment in her favor and against the Vermilion County and Orcutt on Count II of her Complaint, and award to her damages sufficient to compensate for her injuries, and award in her favor her attorney fees and costs of suit and all such other and further relief as this Court may determine to be just and available.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT II**

**Count III – Conversion**

**(Against the County of Vermilion)**

26. As and for paragraph 26, Plaintiff re-alleges and incorporates by reference paragraphs 1 through 17 above, inclusive, as if fully set forth herein.

27. Plaintiff had and has a clear right to her property, Caesar, after he was apprehended by Defendant.

28. Plaintiff had and has an unconditional right to immediate possession of her property, Caesar, as there is and was no authority for Vermilion County to retain possession and control of Caesar nor to have disposed of Caesar, and Plaintiff was given no notice or hearing regarding the holding or disposition of her property by Vermilion County.

29. Plaintiff made repeated demands for the return of her property both personally and through counsel, but at all times Vermilion County failed and refused to return her property.

30. Vermilion County has and had no lawful right to possession of Caesar, nor to the dispose of him by sending him to a new home, and those actions were unlawful and in violation of Plaintiff's rights of ownership.

31. Plaintiff suffered damages as a direct and proximate result of Vermilion County's conversion of her property.

WHEREFORE Plaintiff, MARY RODGERS, respectfully requests that this Court enter judgment in her favor and against the County of Vermilion on Count III of her Complaint, and award to her damages sufficient to compensate for her injuries, and award in her favor her costs of suit and all such other and further relief as this Court may determine to be just and available.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO COUNT III**

Respectfully submitted,
MARY RODGERS, Plaintiff

By: _____
One of Her Attorneys

SORLING NORTHRUP
Stephen F. Hedinger, of counsel
1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL  62705-5131
Telephone:  217/544-1144
Telefax:  217/522-3173
Email:  sfhedinger@sorlinglaw.com

IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT
VERMILION COUNTY, ILLINOIS

| | |
|---|---|
| MARY RODGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| VERMILION COUNTY, ILLINOIS, | ) |
| KATHLEEN ORCUTT, and | ) |
| CITY OF DANVILLE, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF DAMAGES

The undersigned being first duly sworn upon oath, deposes and states that he is a party to the above entitled cause of action seeking money damages and states that this cause of action does exceed $50,000.00.

By: _____
Andrew T. Jarmer

Subscribed and sworn to before me this 5th day of December, 2022.

_____
Notary Public

OFFICIAL SEAL
**REBECCA STEIN**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 05-24

SORLING NORTHRUP
Stephen F. Hedinger, of Counsel
Andrew T. Jarmer, of Counsel
1 North Old State Capitol Plaza, Suite 200
P.O. Box 5131
Springfield, IL 62705-5131
Telephone: (217) 544-1144
Telefax: (217) 522-3173
E-mail: sfhedinger@sorlinglaw.com
atjarmer@sorlinglaw.com

49Z8954 12/5/2022                Page 1 of 1                Case No. _____